11-4483-cv
Feldman Law Grp. v. Liberty Mut. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:   JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
                       *Circuit Judges.*

_____

FELDMAN LAW GROUP, P.C., as assignee of
THE HYMAN COMPANIES, INC., d/b/a LANDAU JEWELERS,
                       *Plaintiff-Appellant*,

THE HYMAN COMPANIES, INC., d/b/a LANDAU JEWELERS,
                       *Plaintiff*

            v.                                         No. 11-4483-cv

LIBERTY MUTUAL INSURANCE COMPANY,
a/k/a LIBERTY MUTUAL GROUP,
                       *Defendant-Appellee.*

_____

FOR APPELLANT:      CLIFFORD Y. CHEN (Stephen E. Feldman, Feldman Law
                    Group, P.C., New York, NY, *on the brief*), Watkins, Bradley
                    & Chen LLP, New York, NY.

FOR APPELLEE:       MARSHALL T. POTASHNER, Jaffe & Asher LLP, New
                    York, NY.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Feldman Law Group ("FLG") brought this action as the assignee of The Hyman Companies ("Hyman") against its insurer, defendant-appellee Liberty Mutual Insurance Company ("Liberty"). FLG had represented Hyman in the defense of a lawsuit brought by non-party Van Cleef & Arpels Logistics, S.A. ("Van Cleef"), in which Van Cleef alleged that Hyman had violated Van Cleef's copyright and trade dress in violation of federal and state law. Liberty rejected Hyman's request to provide for Hyman's defense, denying that the conduct alleged in Van Cleef's complaint was covered under Hyman's policy. FLG then initiated this action against Liberty, seeking to recover the costs incurred in Hyman's defense. The district court granted Liberty's motion to dismiss FLG's action for failure to state a claim. For the reasons that follow, we affirm the judgment of the district court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's decision granting a motion to dismiss de novo, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). In order to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for

2

relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). Under Pennsylvania law – which the parties agree applies in this case – "an insurer's duty to defend and indemnify [must] be determined solely from the language of the complaint against the insured." Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006). That is, a "question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint" in the underlying action. Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 541 (Pa. 2010).

Hyman's policy requires Liberty to defend against any suit seeking damages for "personal and advertising injury," but excludes coverage for "'[p]ersonal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights." As defined in the policy, "advertising injury" includes "infringing upon another's copyright, trade dress, or slogan in [an] 'advertisement'" The policy defines an "advertisement" as a "paid announcement that is broadcast or published in the print, broadcast or electronic media to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." Thus, for the Van Cleef complaint to trigger Liberty's duty to defend, the complaint, liberally construed, must allege that Hyman potentially placed a "paid announcement . . . broadcast or published . . . to the general public," and that the injuries potentially resulting from the publication of that announcement did not arise from the

3

"infringement of copyright, patent, trademark, trade secret or other intellectual property rights" by the item advertised.

The Van Cleef complaint contains no such allegation. The three-count complaint alleges that Hyman "reproduced, copied and imitated" Van Cleef's jewelry design, resulting in damages to Van Cleef. The rest of the complaint concerns itself almost exclusively with the description of the infringing activity and underlying intellectual property. At no point does the complaint allege that any advertisement published by Hyman infringed Van Cleef's copyright or trade dress; indeed, the complaint does not allege that Hyman placed any advertisements at all.

FLG relies on scattered references in the Van Cleef complaint that it contends could be construed as referring to the kind of advertising injuries that the policy covers. The complaint avers that Hyman "manufactured, sold, *offered for sale*, and/or distributed copies of the [protected intellectual property]," and that Hyman infringed Van Cleef's intellectual property rights "by reproducing such design without authorization and distributing copies thereof by sale *and other means . . .*" (emphasis added). Moreover, in its prayer for relief, Van Cleef asks that Hyman "be required to deliver up to [Van Cleef] for destruction, any and all catalogs, circulars and *other printed material* in their possession or under their control displaying or promoting the goods that were *or are being advertising* [sic], promoted, offered for sale or sold in connection with the [protected intellectual property], whether alone or in combination with any words or designs." (emphasis added).

4

FLG urges us to infer that the references to reproduction and distribution "by sale and other means" could refer to the placement of a "paid announcement" in the public media. Such references, however, are far too general to support the conclusion that Van Cleef's complaint encompassed an injury resulting from any paid advertisement by Hyman, when the complaint specifically and repeatedly refers only to Hyman's conduct in "designing" jewelry "that is confusingly similar" to Van Cleef's design, and "reproducing such design without authorization and distributing copies thereof," thus infringing its trade dress and copyright. The factual allegations of the complaint thus specifically invoke Hyman's design, manufacture and sale of infringing goods, but nowhere discuss, allege or allude to any advertisement of those goods.

Nor does the complaint's demand, in the prayer for relief, that Hyman be required to deliver to Van Cleef for destruction any goods that were being "advertised, promoted, [or] offered for sale," as well as "any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the [infringing] goods that were or are being advertising [sic], promoted, [or] offered for sale" alter that conclusion. First, neither the substantive allegations nor the demands for relief suggest that any advertisement itself infringed Van Cleef's intellectual property rights. It is well established that "[m]erely advertising a misappropriated product does not cause an advertising injury"; to inflict a covered advertising injury, the advertisement, and not the product being advertised, must itself infringe the underlying plaintiff's rights. Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 20 F. Supp. 2d 798, 803 (M.D. Pa. 1998)

5

(applying Pennsylvania law), aff'd, 193 F.3d 742 (3d Cir. 1999). The destruction of any printed matter promoting infringing products, however, would be appropriate relief for the sale of such products. Second, the prayer for relief in any event lacks any reference to the placement of paid announcements in public media. While "catalogs [and] circulars" produced by Hyman itself may well be deemed advertising in some contexts, the specific definition in the Liberty policy is more limited, requiring payment to a third-party for an announcement placed in a public medium.

Our decision in Century 21, Inc. v. Diamond State Insurance Co., 442 F.3d 79 (2d Cir. 2006), on which FLG relies, does not compel a different conclusion. There, the underlying complaint alleged that the insured "marketed, distributed, and sold goods in connection with a colorable imitation and simulation of the . . . [t]rademarks with the express intent of causing confusion and mistake . . . ." Id. at 81. The question in Century 21 was whether the allegation of "marketing" triggered a duty to defend under a policy that covered suits based upon infringing advertising, under a policy that did not define advertising as narrowly as the policy here, but which we took to encompass a wide range of "promotional activities." Id. at 83. In this case, the complaint contained no such reference to "marketing" or any other term that could lead us to conclude that Van Cleef complained of anything other than the production of infringing merchandise, rather than its advertisement.

Thus, "comparing the four corners of the insurance contract to the four corners of the complaint," as we must under Pennsylvania law, Jerry's Sport Ctr., 2 A.3d at 541, we

6

cannot conclude that Van Cleef complained of any personal or advertising injury, and therefore agree with the district court that Liberty had no duty to defend Hyman in Van Cleef's action.

We have considered FLG's other arguments and find them to be without merit. For the foregoing reasons, the district court's decision is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court